Filed 8/20/25  P. v. Ferrer CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br>v.<br>DAVID VINCENT FERRER,<br>    Defendant and Appellant. | A172526<br><br>(Humboldt County<br>Super. Ct. No. CR2403283) |

After a plea of guilty, David Vincent Ferrer was convicted of one count of assault with a deadly weapon, a violation of Penal Code section 245, subdivision (a)(1).[1]  Ferrer now appeals his conviction.  We affirm.

## I.    BACKGROUND

On November 6, 2024, the Humboldt County District Attorney filed a single count felony complaint against Ferrer alleging that on October 16, 2024, Ferrer committed an assault with a deadly weapon (§ 245, subd. (a)(1)).  Ferrer appeared on November 6, 2024, waived formal arraignment, and entered a plea of not guilty.  Ferrer did not waive time, and a preliminary hearing was scheduled for November 19, 2024.  On November 19, 2024, counsel for Ferrer requested a continuance of the preliminary hearing to

---

[1] All statutory references are to the Penal Code unless stated otherwise.

allow him to conduct further investigation. Ferrer entered a 10-day time waiver, and the court reset the preliminary hearing to December 19, 2024. On December 19, 2024, the court found good cause to continue the preliminary hearing due to the fact that a prosecution witness was unavailable due to a medical issue. Ferrer's counsel did not object, and the preliminary hearing was reset to December 31, 2024. On December 31, 2024, Ferrer requested a continuance of the preliminary hearing. The prosecution did not object, and the court granted a continuance to January 16, 2025.

On January 16, 2025, Ferrer entered a plea of guilty to a felony charge of assault with a deadly weapon (§ 245, subd. (a)(1)). Pursuant to a negotiated disposition, Ferrer waived his presentence custody credits and was sentenced to two years in state prison. The court also imposed a $300 court fine, a $300 restitution fine pursuant to section 1202.4, subdivision (b), a $300 restitution fine pursuant to section 1202.45 which was stayed, a $30 criminal conviction assessment fee, and a $40 court operations assessment fee. Ferrer was also sentenced to 180 days in jail to run concurrently with his prison sentence for a probation violation in another case. His probation in that matter was terminated.

Ferrer filed a timely notice of appeal pursuant to California Rules of Court, rule 8.304(b).

## II.    FACTS

On October 16, 2024, Officer Raven McIntire of the Arcata Police Department, responded to a report of a physical altercation. Upon arriving at the scene, McIntire contacted the victim, Delmar Key, who advised that he and his cousin, S.M., were walking S.M.'s dog near a bus stop. While at the bus stop, they were approached by Ferrer who Key had previously lived with at a clean and sober house. Ferrer told Key, "we're going to have words," and

2

then proceeded to attack him. Ferrer punched Key in the face twice, and the two then fell to the ground. Ferrer removed an object from his pants pocket which Key believed was a knife and used it to scrape the left side of Key's ribs. Ferrer also pulled Key's nose ring out, scratched at his eyes, and wrapped his backpack draw string around Key's neck. Key was able to get the backpack draw string from around his neck and punched Ferrer in the head, causing Ferrer to fall to the ground and hit his head on the pavement. In addition to the injury to his ribs, Key also had a tooth knocked out and suffered cuts on his lower lip and eyebrow as a result of the altercation.

Ferrer was subsequently located and arrested on November 4, 2024. At the time of the incident, Ferrer was also on formal probation for a violation of section 273.5.

## III. DISCUSSION

### A. Appealability

This is an appeal from a final judgment. (§ 1237, subd. (a).) After entering a plea of guilty, a defendant may file an appeal without a certificate of probable cause when the grounds of the appeal do not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b)(2).)

### B. *Wende* Review

Ferrer's appellate counsel has filed an appellate brief which raises no specific issues and requests that this court conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). When appointed counsel files a brief stating he has found no arguable issues for an appeal, the court will conduct its own independent review for arguable issues. (*Wende, supra*, 25 Cal.3d 436, 441; *Anders v. California* (1967) 386 U.S. 738, 744–745 (*Anders*).) This important procedure is a component of the constitutional right to assistance of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 119 [the right to counsel entitles an indigent defendant to

3

independent review by the Court of Appeal when counsel is unable to identify any arguable issue on appeal].)

Ferrer was advised that this court would undertake a *Wende* review and was additionally informed of his right to file a supplemental brief raising issues he believes deserve review. No supplemental brief from Ferrer has been received by this court.

We have undertaken a review of the record on appeal and have found no arguable issues for appellate review.

## IV. DISPOSITION

The judgment is affirmed.

_____
Clay, J.*

WE CONCUR:

_____
Streeter, Acting P. J.

_____
Goldman, J.

*People v. Ferrer*/A172526

---

\* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.